## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

CHRISTOPHER R. SANDLIN,
ADC #136830                                                                                    PLAINTIFF

v.                                        2:10-cv-00031-JLH-JJV

FARON R. CLEMMONS, Lt., East
Arkansas Regional Unit, ADC; et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Plaintiff, Christopher Sandlin, a state inmate at the Varner SuperMax Unit of the Arkansas Department of Correction (ADC), filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights while he was incarcerated at the East Arkansas Regional Unit (EARU).  Specifically, Sandlin alleges Defendants Lt. Clemmons and Capt. Jackson of the EARU used excessive force against him on March 24, 2009.

Mr. Sandlin made a timely demand for a jury trial; however, before incurring the expense and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on February 17, 2011, to determine whether Mr. Sandlin's claims warranted a jury trial.  *Johnson v. Bi-State Justice Center*, 12 F.3d 133, 135 (8th Cir. 1993).  In considering the merits of this matter, the Court has carefully considered the testimony from the Pre-Jury Evidentiary Hearing, the pleadings and the evidence in support of the pleadings.  The significant facts are generally not in dispute and the Court makes no credibility findings in rendering its decision.  Based on a careful review of the information before the Court in this matter, it is recommended that Sandlin's Complaint be dismissed.

## II.   HEARING

Mr. Sandlin testified that on March 24, 2009, he was housed in isolation but had been granted a 48-hour relief period.  During this relief period, he requested to use the telephone.  Officer

Eaton denied his request, so Sandlin broke the sprinkler-head in his cell and flooded the entire cell block.  Officer Eaton and Lt. Clemmons responded to Sandlin's cell and instructed him to submit to handcuffs.  Sandlin refused the officers' instructions so an extraction team was called to forcibly remove Sandlin from the cell.   The extraction team made a video recording of the events. (Pl.'s Hearing Ex. 1).

The video recording shows Lt. Clemmons directing Sandlin numerous times to turn around and to be placed in restraints and Sandlin refusing to obey.  Sandlin responded, "No, I will not catch the cuffs until I speak to the warden."  After Sandlin stated he was not going to obey, Clemmons sprayed him with mace several times.  Sandlin continued to resist and Capt. Jackson threw a stinger grenade into the cell so the extraction team could enter and remove Sandlin.

After the grenade was employed, a member of the extraction team tried to open Sandlin's cell door but he had "jammed the lock up with paper" and the door could not be opened.  As guards struggled to unlock the cell, Sandlin threw wads of paper soaked in toilet water at the them. Sandlin also admits he attempted to punch the guards while they were working on the lock.

The guards spent considerable time disassembling the lock while Sandlin goaded them to use unnecessary force so he "could have their jobs."  Sandlin shouted, "I want them to lay their hands on me," and, "Use of force, that's what I want."  Sandlin's shouts incited an even larger disturbance and other inmates began shouting back to Sandlin.  Additionally, inmates were shouting because they were agitated about the use of mace and the stinger grenade.

The guards also appeared in distress during the incident.  The video shows guards coughing and choking on the mace fumes.  The video also shows Sandlin shouting, "should have never sprayed it if they can't take it."

After struggling with the lock for approximately ten minutes, guards were able to remove it from door.  Sandlin realized the guards were about to enter his cell, so he laid on the floor on his

3

stomach with his hands folded behind his head.  The extraction team entered the cell rapidly and immediately took control of Sandlin's arms and legs and restrained him.  Sandlin yelled that the guards had slammed his head into the floor and had broken his teeth.

The extraction team led Sandlin down a hallway and cut off his mace-soaked clothes. Shortly thereafter, a nurse arrived to treat Sandlin for a bloody nose and wounds on his leg caused by the stinger grenade.  Sandlin was then taken to a cell with soap and he showered off the mace.

## III.    ANALYSIS

Sandlin chiefly alleges that Defendants violated ADC policy regarding the use of force.  He explained that, although Clemmons repeatedly instructed him to submit to handcuffs, policy required Clemmons to warn him that failure to comply would result in the use of force, or being sprayed with mace.  Sandlin's allegations are without merit because the violation of ADC policy does not support a federal due process violation and should be dismissed.  *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1992).

Additionally, the video recording reveals that Defendants were acting in good faith to restore order to a very volatile and dangerous situation created by Sandlin.  The Eighth Amendment protects inmates from unnecessary and wanton infliction of pain by correctional officers.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  However, officers are permitted to use force reasonably "in a good-faith effort to maintain or restore discipline. . . ."  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), *quoting Whitley, supra*, 475 U.S. at 320-321.

The "core judicial inquiry" in these cases is not whether a certain amount of injury is sustained, but "whether force was applied in a good-faith effort to maintain or restore discipline...." *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (*quoting Hudson,* supra at 7).  The Court further stated that the extent of the injury remains one factor to consider in determining whether the use of force "could plausibly have been thought necessary" in the situation.  *Wilkins,* supra at 1178

4

(*quoting Whitley*, supra, 475 U.S. at 321).

Accepting Sandlin's allegations as true, the Court finds no evidence that Defendants Clemmons or Jackson maliciously and sadistically used force against Sandlin for the very purpose of causing him harm.  Sandlin admits the whole incident began when he broke the sprinkler-head and flooded his cell and the surrounding area.  He further admits he refused to comply with Clemmons' orders and tried to strike guards with his fist and threw wet toilet paper on the them.  Sandlin also acknowledges a lengthy history of violence at the ADC, including 180 disciplinary violations since his incarceration in the ADC.  Many of these disciplinary convictions were from spitting on guards and throwing urine and feces on them.

After carefully reviewing the evidence in this case, including Sandlin's testimony and the video recording of the events, the Court finds Defendants' actions were in direct response to Sandlin's own assaultive and destructive behavior.  The Court further finds Sandlin created a very volatile and  dangerous situation and the guards responded and applied force in a good-faith effort to restore discipline.  Hence, Sandlin has failed to show that Defendants used excessive force against him and his claims should be dismissed.

## IV.   CONCLUSION

IT IS, HEREBY, RECOMMENDED that:

1.      Plaintiff's cause of action against Defendants should be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 25th day of February, 2011.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE